UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BLUETEAM ROOFING, LLC     CIVIL ACTION

VERSUS     NO. 23-931

VINCENT PIAZZA, JR. AND SONS     SECTION: "J"(4)
SEAFOOD, INC.

### ORDER AND REASONS

Before the Court is a *Motion to Dismiss for Failure to State a Claim*. **(Rec. Doc. 22)** filed by Defendant, Vincent Piazza, Jr. and Sons Seafood, Inc., and an opposition thereto (Rec. Doc. 24) filed by Plaintiff, Blue Team Roofing, LLC. Having considered the motion and memoranda, the record, and the applicable law, the Court finds the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

This matter stems from an agreement that Plaintiff would provide restoration services to Defendant's property following Hurricane Ida. Plaintiff, BlueTeam Roofing, LLC ("BTR"), is a limited liability company with its principal place of business in Boca Raton, Florida and a successor-by-assignment to Sendero Restoration Services, LLC ("Sendero"). Plaintiff was assigned and assumed all of Sendero's uncompleted contracts, including the Restoration Services Agreement in dispute here. Defendant, Vincent Piazza, Jr. and Sons Seafood, Inc. ("Piazza Seafood") owns facilities at 1201 Sams Avenue, Harahan, Louisiana ("the property") which is the property at issue in this dispute.

1

In the late summer of 2021, the property sustained damage as a result of Hurricane Ida. Plaintiff alleges that in order to obtain necessary repairs, Defendant entered into a Restoration Services Agreement with BTR (Sendero Restoration Services at that time) on September 14, 2021 ("the Contract"). Specifically, Plaintiff claims that Defendant contracted with Plaintiff for restoration services and that Defendant's insurance company agreed to pay $1,259,536.30 for the work. Plaintiff further contends they ordered the material and committed labor and resources to commence the work and remain available to proceed with the work, but Defendant reneged on the contract. In their answer, Defendant asserts that there is no privity of contract between the two parties. Defendant further argues that Defendant allegedly had a contract with Sendero, but the contract specifically requires written consent prior to an assignment of the contract. Because no prior written consent has been provided from Sendero, Defendant alleges no contract exists.

On March 15, 2023, Plaintiff filed its Complaint against Defendant for breach of contract, and, in the alternative, for unjust enrichment. (Rec. Doc. 1, at 5-6). Plaintiff asserts Defendant has been enriched by Plaintiff's provision of materials and services for which Plaintiff has not been paid. *Id.* In the instant motion, Defendant argues that this Court should dismiss Plaintiff's unjust enrichment claim against it because the remedy of unjust enrichment is only applicable where no express remedy is provided, and Plaintiff is seeking other claims of relief. (Rec. Doc. 22, at 1-2). In opposition to the Defendant's motion to dismiss, Plaintiff acknowledges they cannot recover under both the theory of breach of contract and of unjust enrichment;

however, Plaintiff avers that Defendant's allegation that there is no privity of contract necessitates the claim for unjust enrichment. (Rec. Doc. 24, at 1-4). While the issue of privity of contract is still being litigated, Plaintiffs argue that it may appropriately maintain their alternative claim for unjust enrichment. *Id.*

## LEGAL STANDARD

To survive a Rule12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

Defendant argues that because Plaintiff is seeking other available remedies, Plaintiff's claim of unjust enrichment should be dismissed. (Rec. Doc. 22, at 1-2).

3

Plaintiff asserts their alternative claim for unjust enrichment is allowed pursuant to Federal Rule Civil Procedure 8. (Rec. Doc. 24, at 4). This Court agrees with Plaintiff.

Pursuant to Louisiana Civil Code article 2298, a person who has been enriched without cause at the expense of another person is bound to compensate that person. La. Civ. Code art. 2298. Article 2298 further states that the remedy of unjust enrichment is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule. *Id.* To establish a claim of unjust enrichment, the plaintiff must prove the following elements:

> (1) There must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of "justification" or "cause" for the enrichment and impoverishment, and finally (5) the action will only be allowed when there is no other remedy at law.

*Minyard v. Curtis Prods., Inc.*, 205 So. 2d 422, 432 (La. 1968). Generally, the existence of other available claims will preclude an unjust enrichment claim. *Liberty Mutual Fire Ins. Co. v. Shaw Group, Inc.*, No. 20-871, 2022 WL 896804 at *23 (M.D. La. Mar. 25, 2022) (citations omitted). However, an unjust enrichment claim may be brought as an alternative claim when the validity or existence of the contract is in question. *Id.* at 24; *Perez v. Utility Constructors, Inc.*, No. 15-4675, 2016 WL 5930877, at *2-4 (E.D. La. Oct. 12, 2016).

Federal Rule of Civil Procedure 8(d) allows a party to plead separate, inconsistent claims in the alternative. Fed. R. Civ. Proc. 8(d). Specifically, Rule 8(d) provides:

> A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in

> separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient . . . . A party may state as many separate claims or defenses as it has, regardless of consistency.

*Id.* Thus, in determining whether the "no other remedy available at law" element of an unjust enrichment claim bars a plaintiff from pleading unjust enrichment in the alternative, federal courts have refused to dismiss an unjust enrichment claim because Rule 8(d) allows a party to "state as many separate claims or defenses as it has, regardless of consistency." *Schott, Trustee For Estate of InformMD, LLC v. Massengale*, No. 18-759, 2019 WL 4738795 at *16-17 (M.D. La. Sept. 27, 2019) (finding that, because the validity of the contract was in question and no other potential remedies were available at law, the Court lacked a sufficient basis to dismiss plaintiff's unjust enrichment claim).

In *Perez v. Utility Constructors, Inc.*, this Court addressed the issue of pleading unjust enrichment claims in the alternative of breach of contract claims. No. 15-4675, 2016 WL 5930877, at *2-4 (E.D. La. Oct. 12, 2016). There, the Court stated that, merely because the plaintiff pleads another remedy does not mean the plaintiff has "another available remedy" within the meaning of the law. *Id.* The Court further stated a plaintiff does not have an available contractual remedy unless a valid contract existed. *Id.* So, in situations where the Court has no way to resolve at the pleadings stage whether a valid contract existed or if the other claim is permitted, Rule 8 allows a party to maintain inconsistent legal theories until those factual questions regarding the contract are resolved. *Id.* Accordingly, the Court concluded that the unjust enrichment claim should not be dismissed. *Id.* at *1.

Here, the parties' disagreement also centers on the "no other remedy available at law" element. Defendant argues that the unjust enrichment claim should be dismissed because Plaintiff is seeking other claims of relief; however, Defendant also asserts there is no privity of contract. (Rec. Docs. 9, 22). Until the validity of the alleged contract can be determined, Plaintiff's unjust enrichment claim should not be dismissed. As discussed in *Perez*, Rule 8 permits a plaintiff to plead and maintain inconsistent legal theories until those factual questions are resolved. An unjust enrichment claim may be brought as an alternative claim when the validity or existence of the contract is in question, and here, the existence of contractual privity is still in question. Therefore, while the issue of privity of contract has not been determined, Plaintiff may assert its alternative claim for unjust enrichment.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 22)** is **DENIED**.

New Orleans, Louisiana, this 16th day of November, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE