**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BLUETEAM ROOFING, LLC AND SENDERO RESTORATION SERVICES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 23-931** |
| **VINCENT PIAZZA JR. & SONS SEAFOOD, INC.** | **SECTION: "O" (4)** |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff, Sendero Restoration Services, LLC's ("Sendero") **Motion and Incorporated Memorandum for Attorney's Fees and Related Nontaxable Expenses. R. Doc. 114.** On March 31, 2026, a judgment was entered in favor of the Plaintiffs and reasonable attorneys' fees and costs incurred in connection with the matter. R. Doc. 113. On May 11, 2026, Plaintiff's Motion for Attorney Fees was referred to the undersigned for a report and recommendation. R. Doc. 123. A response to the Motion was filed by Vincent Piazza, Jr. & Sons Seafood, Inc. ("Piazza"). R. Doc. 116.

## I. Background

On March 31, 2026, the Court entered final judgment in favor of Plaintiffs and against Piazza in the principal amount of $566,791.35 in liquidated damages. R. Doc. 113. The Court denied Plaintiffs' request for attorneys' fees under Section 6.2 of the Restoration Contract but expressly held that Plaintiffs may seek reasonable attorneys' fees under Texas Civil Practice & Remedies Code § 38.001(b)(8), together with related nontaxable expenses, by timely motion under Rule 54(d)(2). *Id.*; FED. R. CIV. P. 54(d)(2). The Court also dismissed Plaintiffs' alternative unjust-enrichment claim. *See* R. Doc. 44, Joint Pretrial Stipulation, ECF No. 44, ⁋ 2

Plaintiffs contend that they continued to pursue resolution of the contract claims through additional written settlement offers in November 2024 and December 2025 and through two

settlement conferences before Magistrate Judge Roby, on February 4, 2025, and January 13, 2026. R. Doc. 116. These repeated efforts gave Piazza ample notice of the contract claim and the amount sought. *Id.* Despite these repeated notices and opportunities to resolve the matter, Piazza did not tender the just amount owed within thirty days or at any time thereafter. *Id.* Sendero contends that it is therefore entitled to recover its reasonable attorneys' fees under Texas Civil Practice and Remedies Code § 38.001(b)(8). *Id.*

## II. **Standard of Review**

Under Texas law, a prevailing party may recover reasonable attorney's fees for a valid claim based on an oral or written contract. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(b). To recover attorney's fees under this chapter, the claimant must establish that: (1) it was represented by an attorney; (2) it presented the claim to the opposing party or a duly authorized agent; and (3) payment for the just amount owed was not tendered within thirty days after presentment. TEX. CIV. PRAC. & REM. CODE ANN. § 38.002. The statute also provides that usual and customary attorney fees are presumed reasonable, that presumption is rebuttable. TEX. CIV. PRAC. & REM. CODE ANN. § 38.003.

Fee-shifting under Chapter 38 is designed to compensate a prevailing party for losses incurred through the litigation process—not to provide a windfall or to enhance counsel's economic position. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 487 (Tex. 2019). Accordingly, only those fees that are both reasonable and necessary for legal representation may be recovered, and the amount agreed to between a client and its attorney does not, standing alone, establish that the requested fee is reasonable or necessary. *Id.* at 488. The burden remains on the fee claimant to prove both elements. *Id.* at 489.

Both elements are questions of fact to be determined by the fact finder and act as limits on the amount of fees that a prevailing party can shift to the non-prevailing party. *See Transcon. Ins. Co. v. Crump*, 330 S.W.3d 211, 231 (Tex. 2010) (observing that generally the reasonableness of particular fees presents a fact question that the fact finder must decide, as does necessity); *see also Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998) (explaining that reasonableness is a question of fact for the jury, and that "[t]he second limitation, that fees must be necessary, is likewise a fact question" (citing *Gen. Motors Corp. v. Bloyed*, 916 S.W.2d 949, 961 (Tex. 1996))).

This calculation produces an objective figure that approximates the fee that the attorney would have received had he or she properly billed a paying client by the hour in a similar case. *Id.* When supported by sufficient evidence, there is a presumption that the base lodestar calculation reflects the reasonable and necessary attorney's fees that can be shifted to the non-prevailing party. *El Apple I, Ltd. v. Olivas*, 70 S.W.3d 757, 760 (Tex. 2012).

## III. <u>Analysis</u>

### 1. <u>Entitlement to A Fee Award</u>

The first issue is whether the Plaintiffs are a prevailing party to be entitled to a fee award. Enforceable judgments on the merits confer prevailing-party status. *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health*, 532 U.S. 598, 121 S. Ct. 1835 (2001). The Court therefore finds that the Plaintiffs are a prevailing party because this Court granted judgment in favor of BlueTeam Roofing, LLC and Sendero Restoration Services, LLC in this breach of contract litigation.

### 2. <u>Reasonable Attorneys Fees</u>

Sendero contends that it is entitled to recover attorneys' fees for 453.95 billed hours, which totals $149,535.00. R. Doc. 114. Sendero contends that although the judgment was entered in favor

of both Plaintiffs, the contract claim belonged to it alone. Sendero contends that it prevailed on its breach of contract claim and recovered damages entitling it to recover reasonable attorneys' fees under Chapter 38.

The Defendants contend that Sendero's billing reflects a consistent pattern of partner-associate duplication which results in the inflation of the fee request. R. Doc. 116. The Defendants further contend that Sendero's counsel engaged in block billing that obscured the reasonableness of the time claim. *Id*. Additionally, the Defendants contend that Sendero's counsel is seeking fees for administrative tasks and therefore the fees sought are not reasonable and should be adjusted accordingly.

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974). The Court can make upward or downward adjustments to the lodestar figure if the Johnson factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990).

A. **<u>Reasonable Hourly Rate</u>**

Sendero seeks to recover fees for its attorneys John Philip Graf, Armistead Long, Samuel E. Masur, Elizabeth McGovern, C Ponds, and B. Dupree. R. Doc. 114-4. In support of the application, Sendero submitted the affidavit of Mr. Graf only. *Id.* However, the affidavit acknowledges that it is seeking to recover the work performed by not only Graf ($275.00-$400.00 per hour), but also Long ($395.00-$475.00), Masur ($495.00-$525.00), McGovern ($215.00-$250.00), Ponds ($100.00), Dupree ($260.00). The application is devoid of any information regarding the background training and experience of any of the lawyers. It provides minimal information regarding Mr. Graf, namely that he is licensed in Louisiana, is trial counsel and a member of Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis and Eagan, LLC.

The Defendants primarily challenge the sufficiency of the information and whether the Court can make a meaningful evaluation of the fee application. R. Doc. 116 at 3. According to the opposition, Defendants contend that the fee request fails to reflect the disciplined billing judgment required under law. *Id.* Further, the Defendants contend that rather than limiting their request to hours reasonably expended on necessary litigation tasks, Sendero's attorneys' billing records reveal systemic inefficiencies and non-compensable charges that materially inflate the requested award. *Id.*

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the

reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be determined through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Evidence of reasonableness of the proposed hourly rate must include an affidavit of the attorney performing the work in addition to information about rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11; *Hensley,* 461 U.S. at 433 (noting that "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly"); *see also Jordan v. Dep't of Justice,* 691 F.2d 514, 518 (D.C. Cir.1982) ("holding that complete denial of fees should be reserved for only extreme situations, such as when the petitioner offers no affidavits or timesheets, or when the application is filed in bad faith") *cited in Baker v. D.C. Pub. Schs*., 815 F. Supp. 2d 102, 109 (D.D.C. 2011).

The fee application in this case does not provide the Court with satisfactory evidence by affidavit of the attorneys performing the work and information of the reasonableness of their rates billed and paid in similar lawsuits. The only affidavit submitted is by Mr. Graf and he identifies as

the trial attorney and member of Gordon Arata. There are no affidavits from Armistead Long, Samuel E. Masur, Elizabeth McGovern, C. Ponds or B. Dupree as required by the loadstar. Under the lodestar analysis, the movant bears the burden of establishing the appropriate hours and hourly rates and that they exercised billing judgment. *See Hensley*, 461 U.S. at 427; *Saizan v. Delta Concrete Prods. Co.*, *Inc.*, 448 F.3d 795, 800 (5th Cir. 2006); *Walker v. City of Mesquit*e, 313 F.3d 246, 251 (5th Cir. 2002). Therefore, the Court is deprived of the ability to evaluate the reasonableness of their billing rate for Armistead Long, Samuel E. Masur, Elizabeth McGovern, or B. Dupree. As a result, the billing entries for Armistead Long (40.1 hours), Samuel E. Masur (3.1 hours), Elizabeth McGovern (5.8 hours), C. Ponds (2.3 hours) or B. Dupree (4.9 hours) will be excluded.

The Court will, however, permit the billing entries for the work performed by Mr. Graf. The Court finds that a rate of $275.00 for a member/partner is reasonable. *See Neles-Jamesbury, Inc. v. Bill's Valves*, 974 F. Supp. 979 (S.D. Tex. 1997) (where the court held that $275 for partners was reasonable); *Quintanilla v. A & R Demolition Inc.,* 2008 WL 9410399, at *8 (S.D. Tex 2008) (partners billed at rates ranging from $275 to $350 per hour); *see also Active Mortgage v. Trans Union, LLC*, 2013 WL 1180954, at *5 (M.D. La. 2013) (where reduced rate of $275.00 was considered reasonable). Considering the rate in the community, the Court finds that $275.00 and the later rate of $295.00 charged by Graf are reasonable and will apply an average hourly rate of $285.00.

**B. <u>Reasonableness of Fee</u>**

Although not broken down by the mover, Graff billed 397.75 hours for work performed on the file. He therefore seeks to recover for his work.

The Defendants challenge the billing entries because they contain duplicative time entries. Defendants complain that Sendero has not provided the level of detail required to show that the division of labor was reasonable. Additionally, the Defendants contend that many of the entries contain block-billed entries which make it difficult for there to be a determination of the discrete task.

**1. Billing Judgment**

Sendero contends that out of an abundance of caution, Sendero states that it does not seek to recover for entries devoted solely or primarily to alternative noncontract theories. R. Doc. 114. According to Sendero, the voluntary excluding items total $3,204.00.

The duty to exercise billing judgment "refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours." *See Guity v. Lawson Env't Serv., LLC*, 50 F. Supp. 3d 760 (E.D. La. 2014); *Walker v. U.S. Dep't of Hous. and Urb. Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The party seeking attorneys' fees is "charged with proving that they have exercised billing judgment," and "the proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." *Guity*, 50 F. Supp. 3d at 767 (quoting *Walker*, 99 F.3d at 770).

The entries that Sendero seeks to include are for billing attorneys Masur, Graf and Long. However, since the Court has determined that the entries from Masur and Long are excluded, it reduces the amount of the billing judgment that Sendero exercised by - $326.50[1]. Therefore, the correct reduction as a result of the exercise of billing judgment totals 9.7 hours or $2,877.50[2].

[1] 07/10/24 ($247.50), 09/11/23 ($79.00) (.7hrs)

[2] 08/28/23 (412.50), 08/30/23 ($893.75), 08/31/23 ($206.25), 09/06/23 ($68.75), 09/11/23 ($110.00), 09/12/23 ($206.25), 02/05/25 ($980.00).(9.7hrs)

2. **Duplicate entries**

The Defendants contend that Sendero's fee request should be reduced or excluded because of inefficient Partner-Associate overstaffing. R. Doc. 116. The Defendants cites to five dates that contained alleged overbilling, namely: March 8, 2023, May 18, 2023, July 10-12, 2023, March-April 2024 and November-December 2024. *Id.*

When a party chooses two attorneys to represent it in a lawsuit, the opposing party is not required to pay for duplicative work incurred by the attorneys. *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996). "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted." *Walker*, 99 F.3d at 768.

Since the Court has excluded time for Long whose entries were duplicative during the proposed time periods, no further reduction for duplicative time is necessary.

3. **Block Billed Entries**

The Defendants also contend that Sendero's billing records include numerous entries that combine multiple discrete tasks into a single time entry. R. Doc. 116. The Defendants point to four entries that are allegedly block-billed. These entries are dated November 13, 2023, July 8-11, 2024, October 29, 2024, and December 9, 2024. *Id.*

"Block billed" can be defined as the time-keeping method by which an attorney lumps together the total daily time spent working on a case, rather than itemizing the time expended on specific tasks. *Robinson v. City of Edmond,* 160 F.3d 1275, 1283 n. 9 (10th Cir. 1998). "This practice makes it impossible for the Court to determine the reasonableness of the hours spent on each task." *Canon U.S.A., Inc. v. S.A.M., Inc.*, No. 07–1201, 2009 WL 35334, at *4 (E.D. La. Jan.

6, 2009) (emphasis added); *see Yelton v. PHI, Inc.*, No. 09–3144, 2012 WL 3441826, at *8 (E.D. La. Aug. 14, 2012); *Gulf Coast Facilities Mgmt., LLC v. BG LNG Servs., LLC*, No. 09–3822, 2010 WL 2773208, at *8-9 (E.D. La. July 13, 2010).

Although unclear in the submission, it appears that the Defendants challenge 15.9 hours billed by Graf over the four-day period of July 8, 2024 - July 11, 2024. The first entry of Graf was on July 8, 2024, and he billed 3.9[3] hours. The second entry was dated July 9, 2024, and Graf billed 4.10[4] hours. The third entry by Graf is dated July 10, 2024, and is for 4.60[5] hours. The last entry is dated July 11, 2024, for 3.30[6] hours.

The Court will discount hours billed on November 13, 2023 (4.2 hours), July 8-11, 2024 (15.9 hours), October 29, 2024 (3.8 hours), and December 9, 2024 (4.40 hours) by 50% because the entries lack clarity on the actual time allocated per task for a total. Therefore, the total hours block billed of 28.3 is reduced by 50% to 14.15 hours.

---

[3] The entry by Graf reads, "Exchange emails with opposing counsel regarding deposition date and outstanding discovery; draft e-mail to client regarding additional discovery requests from Piazza; summarize and make timeline of emails between Plaintiffs and Piazza in preparation for deposition; review file in preparation for corporate deposition of Piazza; begin drafting outline of corporate deposition of Piazza."

[4] The second entry by Graf reads, "Review defendant's discovery responses, Minuteman Adjusters' subpoena response, and Ray Demerit's subpoena deposition of Piazza; exchange emails with Mr. Scott regarding POL from Piazza; continue timeline of correspondence Piazza and Blue Team; exchange e-mails with Minuteman Adjusters attorney regarding responsive documents to-"

[5] The third entry by Graf reads, "Exchange emails with opposing counsel regarding corporate deposition of Piazza; continue drafting corporate defendants deposition topics; research relevant law on choice of law provisions; research relevant law on anti-assignment, relevant law on detrimental reliance claims, unjust enrichment claims and associated damages; strategize with M causes of action."

[6] The fourth entry by Graf reads, "Draft e-mail to opposing attorney regarding corporate deposition and outstanding discovery requests; strategize . . . detrimental reliance claims and choice of law provision; review relevant law on choice-of-law provisions within a . . . regarding discussions with Piazza regarding contract collapse and steps moving forward; finalize initial draft of . . . Piazza and BlueTeam; draft e-mail to V. Scott regarding timeline and invoice to Piazza; exchange emails with Mi. . ."

**4. <u>Clerical and Administrative Tasks</u>**

Now the Defendants contend that Sendero spent time on clerical or administrative tasks that are not compensable at attorney rates because such tasks do not constitute legal work. R. Doc. 118. The Defendants also contend that Texas courts require specific evidence showing the qualifications of the staff member performing the work, the nature of the work, their rate, and the time expended. *Id.* The Defendants contend that the Plaintiffs' billing records include five entries showing precisely that this type of work is not compensable. *Id.*

It is well-established that "clerical entries . . . such as filing court documents, calendaring events, processing billing invoices, and requesting copies of documents" are "'not recoverable in an award of attorneys' fees.'" *Wyndham Props. II, Ltd. V. Buca Teas Rests., LP*, 2023 WL 2392090, at *5 (*quoting Black v. SettlePou, P.C.,* No. 3:10-cv-1418-K, 2014 WL 3534991, at *6 (N.D. Tex. July 17, 2014); citing *Tovar v. Sw. Bell Tel., L.P.*, No. 3:20-cv-1455-B, 2022 WL 2306926 (N.D. Tex. Jun. 27, 2022)); *see also Vela v. City of Hous.,* 276 F.3d 659, 681 (5th Cir. 2001) ("Paralegal work can only be recovered as attorney's fees if the work is legal rather than clerical." (citing *Allen v. U.S. Steel Corp*., 665 F.2d 689, 697 (5th Cir. 1982))); *Tovar*, 2022 WL 2306926, at *5 ("The court should consider whether the work performed was legal work in the strict sense or was merely clerical work that happened to be performed by a lawyer." (cleaned up; quoting *Abrams v. Baylor Coll. of Med.,* 805 F.2d 528, 536 (5th Cir. 1986)).

The first entry that the Defendants claim is for administrative tasks is dated January 2, 2024. The Defendants contend that this entry reflects time gathered, marking and numbering exhibits. The Defendants contend that these tasks are quintessential clerical tasks. R. Doc. 116. The entry in question consists of 1.75 hours for gathering, marking and numbering Amended Complaint exhibits. *Id.* It further states that Graf reviewed and revised "Motion for Leave to File

Amended Complaint with Mr. Kukoff regarding same; edit Amended Complaint following conference with Mr. Kukoff." *Id.* The first portion of the entry is clerical, and the later part is legal. *Id.* Because Graf block billed, it is impossible to determine the amount of time allocated for each task. Therefore, the Court will substantially discount this entry by 50% to .875 hours. *Id.*

The next entry dated October 23, 2024, according to the Defendants reflects time spent Bates labeling, a purely administrative task and therefore warrants exclusion. Graf billed 0.80 hours for Bates reviewing redacting and Bates labeling documents related to the sale of Sendero. It also contains an entry for emailing opposing counsel. The Court will discount this block billed entry by 50% reducing the claim time to 0.40 hours.

The next entry is July 22, 2024, which according to the Defendant combines document collection with the application of redactions, and that because the entry provides no detail that judgment was exercised, the entry cannot be supported. *Id.* The entry for July 22, 2024, actually reads "zoom conference with M. Chalhub regarding underlying litigation and additional document requests from defendant regarding protective order; review closing binder from Sendero transaction; gather applicable documents request exchange emails with M. Chalhub and V. Scott regarding documents; review scheduling order with respect to discovery potential Motion for Summary Judgment." *Id.* Graf billed 3.90 hours for these tasks. While the tasks are not clerical, they are block billed and will therefore be reduced by 50% to 1.95 hours.

There is however an entry dated July 16, 2024, where Graf billed 1.20 hours for conducting a review of "document requests from opposing counsel; began redacting documents requested." *Id.* Again, Graf block billed, making it difficult to determine the time allotted for each task. While he billed 1.20 hours, his time will be discounted by 50% to 0.60 hours.

The next entry is dated December 19, 2023, which according to the Defendants reflects time spent organizing documents for production, an administrative task. *Id.* The entry reads, "Organize documents for production; office conference with staff regarding document production; review and revise with Mr. Scott regarding expected labor and material costs; exchange emails with Mr. Scott regarding labor and review material and labor; draft email to opposing counsel with attachments." *Id.* Graf again block billed and additionally billed for clerical tasks which are not billable but constitute administrative costs. Therefore, this entry for 2.20 hours will be reduced by 50% to 1.10 hours.

The final challenged entry is dated May 22, 2023, for reviewing an email and calendaring a deadline, again a routine administrative function. The entry reads "Review and email from Clerk regarding scheduling conference; calendar same." *Id.* Again, this is a block billed entry for a partially administrative task. Graf billed 0.40 hours for the tasks, which will be reduced by 50% to 0.20 hours.

| | Hours billed | Reasonable Hours | Hourly Rate | Total Award |
|---|---|---|---|---|
| Hours Billed | 453.95 | | | |
| Reasonable | -56.2 | 397.75 | | |
| Billing Judgment | -9.7 | 388.05 | | |
| Duplicate Reduction | 0 | 388.05 | | |
| Block Billed | -14.15 | 373.9 | | |
| Clerical/Administrative | -5.125 | 368.775 | | |
| Reasonable Hourly Rate | | | $285.00[7] | **$105,100.88** |

[7] The Court is using the average of the two hourly rates or $285.00. Also given the rate swings within one billing year and based upon caselaw, the Court finds that this average rate based on years of experience is reasonable.

### C. Nontaxable Expenses

Sendero also seeks related nontaxable expenses totaling $1,324.68. The expenses consist of mileage and lodging actually incurred for travel between Lafayette and New Orleans for the summary judgment hearing, the pretrial and settlement conference. It also contains an expense for a bench trial which Sendero contends were reasonably incurred and ordinarily charged to a paying client.

Rule 54(d)(2) provides, in pertinent part that claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial. *United Industries, Inc. v. Simon–Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir.1996). Taxable costs, those set out in 28 U.S.C. § 1920, and nontaxable expenses. *Vanderbilt Mortg. & Fin., Inc. v. Flores*, Civil Action No. C–09–312, 2011 WL 2160928, at *7 (S. D. Tex. May 27, 2011).

Under Rule 54(d)(2), related nontaxable expenses are to be considered in conjunction with attorney's fees and awarded in the same manner.

| Date | Nontaxable Expenses | Amount |
|---|---|---|
| 12/23/25 | Mileage for hearing cross -motions for summary judgment | $196.00 |
| 01/13/26 | Hotel for pretrial conference and settlement conference | $179.46 |
| 01/13/26 | Mileage for pretrial conference and settlement conference | $203.00 |
| 01/19/26 | Hotel for two-night stay during trial. | $543.22 |
| 01/19/26 | Mileage for Trial | $203.00 |
| | **Total nontaxable Expenses** | **$1,324.68** |

The Court having reviewed the contemporaneous billing sheets finds that the proposed nontaxable costs are reasonable. Therefore, the Court recommends that Sendero be awarded $1,324.68 in nontaxable costs.

## IV. Conclusion

Accordingly,

**IT IS RECOMMENDED** that **Motion for Reasonable Attorney's Fees (R. Doc. 114)** be **GRANTED**, and that Vincent Piazza, Jr. & Sons Seafood, Inc. owes Sendero Restoration Services, LLC an award in the amount of $105,100.88.

**IT IS FURTHER RECOMMENDED** that Sendero be awarded nontaxable costs in the amount of $1,324.68.

**IT IS FURTHER RECOMMENDED** that the attorney's fees shall be **paid no later than twenty-one (21) days** following the Court's adoption of the Report and Recommendation.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[8]

New Orleans, Louisiana, this 21st day of September 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

[8] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.